Filed 10/22/15  P. v. Smith CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL ALLEN SMITH,<br><br>    Defendant and Appellant. | 2d Crim. No. B262305<br>(Super. Ct. No. 2013029238)<br>(Ventura County) |

Michael Allen Smith appeals after a jury convicted him of possessing heroin for sale (Health & Saf. Code,[1] § 11351), transporting heroin (§ 11352, subd. (a)), two counts of possessing methamphetamine for sale (§ 11378), transporting methamphetamine (§ 11370, subd. (a)), possession of hydrocodone (§ 11350, subd. (a)), possession of alprazolam (§ 11375, subd. (b)(2)), and possession of drug paraphernalia (Former § 11364.1, subd. (a)).  The trial court sentenced him to a total term of five years and eight months, consisting of three years in county jail and the remaining two years and eight months on mandatory supervision.  (Pen. Code, § 1170, subd. (h)(5)(B).)

On December 17, 2012, a police detective stopped a car for a broken taillight.  Karen Dimas was the driver, and appellant was sitting in the front passenger

---

[1] All statutory references are to the Health and Safety Code unless otherwise stated.

seat with a reusable grocery bag between his legs. Dimas revealed that she was subject to search terms as a condition of probation. After searching Dimas, the detective asked appellant to step out of the car. Two knives were retrieved from appellant during a patdown search. Appellant voluntarily revealed that he also had over $600 in cash and placed it on the hood of the car along with a cell phone and a set of keys. Two backup officers took Dimas and appellant to the curb while the detective searched appellant's car. Methamphetamine and marijuana were found in a candy container inside the grocery bag and appellant admitted it belonged to him. Two glass smoking pipes were found in a backpack on the back seat.

As the detective was walking toward the trunk, appellant said that everything inside the trunk belonged to his mother, who was the vehicle's registered owner. The detective called appellant's mother and she consented to a search of the trunk, which was found to contain a locked metal box and locked bag. Appellant said he might have the keys, and the detective found them on the set of keys appellant had placed on the hood of the car. The metal box contained 22.1 grams of heroin, 28.1 grams of methamphetamine, 5 prescription pills (hydrocodone and alprazolam), marijuana, scales, and Ziploc baggies. The bag contained $2,899.90 in cash. A cell phone the detective recovered from the car had texts that appeared to be related to drug sales.

During an interview after his arrest, appellant claimed that the drugs in the grocery bag were placed there by his girlfriend Kim Scott. One of the backup officers from the traffic stop contacted Scott at the motel room where she and appellant were living. Appellant gave consent for the room to be search after he talked to Scott on the phone. Scott had heroin in her purse and claimed ownership of the drugs found in the grocery bag. At trial, Scott testified that she had hidden the drugs in the bag and had forgotten they were in there when she used the bag for appellant's lunch.

On August 21, 2013, a search warrant was executed at appellant's and Scott's room at a different motel. Appellant and Scott were both present. Approximately 21 grams of methamphetamine and baggies of methamphetamine were found in the room

2

along with scales and a smoking device. Scott claimed the methamphetamine was hers and denied that appellant sold or used drugs. After his arrest, appellant expressed interest in "working off" his case and gave the names of other people involved in drug sales. He later admitted that the drugs found in the motel room belonged to him and that he was intending to sell them.

We appointed counsel to represent appellant in this appeal. Appointed counsel filed a brief raising no issues and requesting our independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On July 14, 2015, we notified appellant that he had 30 days in which to advise us of any claims he wished us to consider. We subsequently gave appellant an additional 14 days to respond to account for his delayed receipt of the transcripts. We have received no response.

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.


3

Kevin G. DeNoce, Judge

Superior Court County of Ventura

_____

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.